IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02597-BNB

IGNACIO RUIZ PONCE, JR.,

   Plaintiff,

v.

HUDSON CORRECTIONAL FACILITY,

   Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 21 2011

GREGORY C. LANGHAM
                                CLERK

---

ORDER OF DISMISSAL

---

At the time of filing, Plaintiff, Ignacio Ruiz Ponce, Jr., was a prisoner in the custody of the Colorado Department of Corrections who was incarcerated at the Hudson Correctional Center in Hudson, Colorado. He initiated this action by filing a letter with the Court on October 18, 2010.

In an order filed on October 25, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Ponce to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Ponce was directed to submit a Prisoner Complaint on the Court-approved form. Mr. Ponce was also directed to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form and a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding the filing. He was informed that the § 1915 motion and affidavit was only necessary if the $350.00 filing fee was not paid in advance. The October 25 order warned Mr. Ponce that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

On November 2, 2010, Mr. Ponce filed a motion for an extension of time to cure the deficiencies in his action, which Magistrate Judge Boland granted by minute order dated November 3, 2010. On December 3, 2010, Mr. Ponce filed a second motion for extension of time to cure the deficiencies, which Magistrate Judge Boland granted by minute order dated December 6, 2010. The December 6 minute order again warned Mr. Ponce that his failure to cure the deficiencies would result in the dismissal of his action without further notice.

On December 20, 2010, Mr. Ponce filed a letter with the Court in which he stated that his "property boxes" had been lost, but he did not request additional time to cure the deficiencies. On January 13, 2011, Mr. Ponce again filed a letter with the Court with respect to his property boxes. He asserted that prison staff had "found 2 boxes, but not my 3rd box. It is inconceivable that my 3rd box, the one that is 'lost' had about 5 to 7 thousand inventions in them [sic], strange don't you think so?" However, Mr. Ponce did not request additional time to cure the deficiencies in this action, nor is it clear why he would require a box with "5 to 7 thousand inventions" in order to cure the deficiencies in this action.

Mr. Ponce has now failed to file a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 as directed by the October 25 Order. Therefore, Mr. Ponce has failed within the time allowed to cure the designated deficiencies. Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Ignacio Ruiz Ponce, Jr., to comply with the order to cure dated October 25, 2010. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __21st__ day of ____January____, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02597-BNB

Ignacio Ruiz Ponce, Jr.
Prisoner No. 017424
Anchorage Corectional Complex East
1400- 4th Avenue
Anchorage, AK 99501

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/21/11

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk